JOHN D. GUILD v. JOHN H. ALLER.

On *Certiorari* to Hunterdon Pleas.

If the answer of a witness be direct and pertinent to the question put, it is competent evidence as against him who put the question; but if he make statements foreign to that question, they are not competent evidence, and should be overruled, if required.

*W. Halsted,* for the plaintiff.

*H. W. Green,* for the defendant

DAYTON, J. Guild, the defendant below, by virtue of an execution in his hands as constable, had levied upon and sold a certain mare, as the property of one George Shurtz, whereupon Aller who claims as vendee of Shurtz to own the mare, brought his action of trover for damages. On the trial of the appeal before the Hunterdon Pleas, the plaintiff below offered to prove what was said between George Shurtz and himself, on the night of the bargain, after it was completed. The witness having said he was not present when the bargain was *struck,* the defendant's counsel objected to any conversations subsequent to and not at

the time of the bargain. The court having overruled the objection, at the instance of the plaintiff's counsel, who contended that it was part of the transaction, the witness went on to say, that the mare was not delivered at the time of the conversation, and that Shurtz told him in the presence of the plaintiff, that he had sold the mare to the plaintiff, and he, the plaintiff, said he had bought her; and in a subsequent part of his examination, he added that Shurtz told him (in the same conversation, as I infer from the case) that "he had sold her for $95; that he had made a bargain for the mare, and was to take a watch in part pay at $45," which was likewise objected to on the part of the defendant. The witness further states that he (having the mare in his possession or under his control) was at the same time directed by Shurtz to deliver her to the plaintiff below, on the Monday following this conversation (which was on Saturday night) and that he did so, and afterwards saw the watch in possession of Shurtz.

On the cross examination of Israel Smith, another of plaintiff's witnesses, he stated what the plaintiff himself had told the witness at another time, as to his purchase or his intended purchase —and which evidence the court refused to overrule, on application of the defendant's counsel.

The question before this court, is whether the common pleas admitted illegal evidence, and it is somewhat difficult to determine by the state of the case, whether the same is or is not so.

I. Upon the abstract question which the defendant's counsel first made in the court below, he was undoubtedly right; no evidence of conversation after, and not at the time of the bargain, was admissible. But it was alleged by the other party that though after the bargain was struck, it was in the same conversation and connected with the bargain. Or in other words, a part of *res gestæ*. Now it is often a very nice matter to distinguish what is, and what is not fairly embraced within *res gestæ*; but if I have rightly understood the state of the case, I think this evidence may properly be so considered. Though the witness states that he was not present when the bargain was struck; yet in another part of his examination he says he was present when the mare was brought, and throughout his examination he details parts of the negotiation. I suppose he must have been present at the time and place of negotia-

tion, and heard parts of it, but was not present when the bargain was struck technically. That in lieu thereof, the parties at the same time, though after its completion, told him of the terms and Shurtz gave him orders to deliver the mare in compliance with the bargain. This I take to have been part of one and the same transaction, and as such was competent evidence.

II. The other objection was to the declarations of Aller, the plaintiff himself, which the Common Pleas refused to overrule on the application of the defendant's counsel. This would have been fatal, did it not appear that these declarations were the defendant's own evidence : and so far as appears by the state of the case, were legitimate and proper answers to questions put. If otherwise, it ought so to have been shown. The rule is this : if the answer of the witness be direct and pertinent to the question put, it is competent as against him who puts the question ; but if in addition to such answer, the witness go on and make statements foreign to the question put, such statements are not competent evidence, and must be overruled if required. As if a party ask a witness what his opponent said at a particular time and place, and the witness goes on to state, and adds further what was said at another time and space ; this last conversation would be no evidence against him who put the original question. Had these declarations of Aller appeared by the state of the case to be mere voluntary offerings of the witness, in behalf of him by whom he was called, it would have been the duty of this court to have reversed the judgment. But it does not so appear, and the maxim applies *de non existentibus et non apparentibus, eadem est ratio.*

The judgment below must be affirmed.

HORNBLOWER, C. J. FORD, J. and WHITE, J. concurred.

NEVIUS, J. did not hear the argument, and gave no opinion.

*Judgment affirmed.*